UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY THOMAS ROCKWELL,        )
                             )
            Petitioner,      )    Case No. 1:05-cv-205
                             )
v.                           )    Honorable Robert Holmes Bell
                             )
CARMEN D. PALMER,            )
                             )
            Respondent.      )
_____)

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Respondent's motion to dismiss the petition because it is barred by the one-year statute of limitations (docket #23). Petitioner filed a response (docket #27), claiming that he is entitled to equitable tolling of the statute of limitations. For the reasons set forth below, the Court finds that Petitioner is entitled to equitable tolling of the statute of limitations. Accordingly, Respondent's motion will be denied and Respondent will be required to file an answer addressing the merits of Petitioner's grounds for habeas corpus relief within sixty days of this opinion and order.

## Discussion

I.  Procedural History

Petitioner was convicted in the Jackson County Circuit Court of resisting and obstructing a police officer and breaking and entering a building with intent to commit larceny. On May 15, 1997, the trial court sentenced Petitioner as a fourth habitual offender to imprisonment of

three to fifteen years for the resisting and obstructing conviction and ten to twenty years for the breaking and entering conviction. Petitioner appealed his conviction as of right to the Michigan Court of Appeals. The court of appeals issued an opinion affirming Petitioner's conviction on April 9, 1999. The Michigan Supreme Court denied his application for leave to appeal on April 11, 2000, and his motion for reconsideration on June 26, 2000.

Petitioner filed a habeas corpus petition in this Court on November 20, 2000. *See Rockwell v. Sherman*, No. 2:00-cv-222 (W.D. Mich.). In a report and recommendation issued on October 23, 2001, the Magistrate Judge concluded that the petition was "mixed" (contained both exhausted and unexhausted claims) and recommended that it be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). In a three-page opinion and judgment dated January 14, 2002, the District Judge adopted the report and recommendation and dismissed the petition without prejudice for lack of exhaustion.

On May 30, 2002, Petitioner filed a motion for relief from judgment in the Jackson County Circuit Court. The court denied his motion on December 30, 2002. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on March 5, 2004, and December 29, 2004, respectively.

Sometime between February 21 and March 3, 2005, Petitioner attempted to file a motion in this Court to amend in his previous habeas action. Petitioner's motion was rejected by the Court on March 9, 2005, because the case has been closed since January 14, 2002. Petitioner subsequently filed the instant habeas petition no later than March 23, 2005, raising the following grounds for habeas corpus relief:

    I.    WAS IT A VIOLATION OF [PETITIONER'S] FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS AND REVERSIBLE ERROR WHEN JUDGE GRANT DENIED A REQUESTED JURY

        INSTRUCTION OF INTOXICATION AS A THEORY OF DEFENSE, WHERE TESTIMONY FULLY WARRANTED THE INSTRUCTION, AND IT WAS HIS SOLE DEFENSE TO THE CHARGE OF BREAKING AND ENTERING A BUILDING, A SPECIFIC INTENT CRIME.

II.    WAS IT A VIOLATION OF [PETITIONER'S] FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN HE WAS PROSECUTED AND CONVICTED FOR RESISTING AND OBSTRUCTING A POLICE OFFICER INVESTIGATION WHERE THERE WAS INSUFFICIENT EVIDENCE.

    (A)    WAS IT A VIOLATION OF [PETITIONER'S] FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS AND REVERSIBLE ERROR FOR JUDGE GRANT TO INSTRUCT THE JURY WITH CJI 13.5 - RESISTING ARREST, AND NOT INCLUDING CJI-13.5 - LEGAL ARREST, WHICH SHOULD BE GIVEN WHEN THE LEGALITY OF THE ARREST IS IN QUESTION.

III.    WAS IT A VIOLATION OF [PETITIONER'S] FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS AND REVERSIBLE ERROR WHEN JUDGE GRANT INSTRUCTED THE JURY WITH CJI 5.1 - WITNESS IMPEACHMENT OF PRIOR CONVICTIONS WHEN THE PROPER INSTRUCTION FOR THE [DEFENDANT] TESTIFYING IN HIS OWN DEFENSE WAS CJI 3.4 - DEFENDANT IMPEACHMENT OF PRIOR CONVICTION.

IV.    WAS IT A VIOLATION OF [PETITIONER'S] FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS AND AN ABUSE OF DISCRETION WHEN JUDGE GRANT WAS REQUIRED TO "SUA SPONTE" DISQUALIFY HIMSELF FOR PERSONAL BIAS AND PREJUDICE WHEN HE PREDETERMINED AT A HEARING FOR THE CO-DEFENDANT THAT [PETITIONER] WAS GUILTY OF THE OFFENSE BEFORE HIS JURY TRIAL.

    II.    <u>Statute of Limitations</u>

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner directly appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

Court denied his motion for reconsideration on June 26, 2000. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 24, 2000. Petitioner had one year, until September 24, 2001, to file his habeas application.

Petitioner timely filed his first habeas corpus petition on November 20, 2000. A petition for a federal writ of habeas corpus does not toll the statute of limitations, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Without the benefit of tolling, the one-year statute of limitations expired on September 24, 2001, while Petitioner's action remained pending in this Court.[2] Petitioner filed his motion for relief from judgment in the Jackson County Circuit Court on May 30, 2002. A properly filed application for state post-conviction relief will toll the limitations period, 28 U.S.C. § 2244(d)(2), but it does not restart the clock. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). When Petitioner filed his motion for post-conviction relief with the state circuit court, nothing was left of the one-year statute of limitations to toll. Consequently, Petitioner's current petition for a writ of habeas corpus is barred unless the statute of limitations was equitably tolled. Petitioner bears the burden of persuading the court that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) ("*Griffin I*").

Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust

---

[2]This is not a case in which the Petitioner initiated his first habeas petition a day or two before the limitations period expired. At the time he filed he first habeas petition on November 20, 2000, Petitioner had ten months remaining in the limitations period. Moreover, the Supreme Court decided *Duncan* after the petition was filed. As a result, Petitioner could have reasonably believed that the filing of his petition would toll the statute of limitations.

remedies. Since the AEDPA was amended to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan* that the limitations period is not tolled during the pendency of a federal habeas petition. To prevent loss of habeas corpus rights by the dismissal of mixed petitions, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.[3] If the district court fails to grant a stay, a petitioner is entitled to mandatory equitable tolling if he filed in state court within thirty days of the federal court dismissal and returned to federal court no later than thirty days following state court exhaustion. *Griffin I*, 308 F.3d at 653; *see also Palmer*, 276 F.3d at 781. If a petitioner fails to qualify for mandatory equitable tolling, he may still qualify for traditional equitable tolling. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (*"Griffin II"*).

*Palmer* was decided ten days before the dismissal of Petitioner's previous habeas action. Respondent argues that the Court should decline to extend equitable tolling because it had discretion to stay the proceedings in Petitioner's previous habeas action, rather than dismiss the action, but declined to do so. However, under *Palmer*, a district court is *required* to stay the proceedings if the statute of limitations expired while the petition was pending. Because Petitioner's

---

[3]The Supreme Court has recently held, however, that this "stay-and-abeyance" procedure "should be available only in limited circumstances," because over-expansive use of the procedure would thwart the finality interest that AEDPA promotes. *Rhines v. Weber*, 125 S.Ct. 1528, 1534-35 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is good cause for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are "potentially meritorious," and if "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 1535.

first petition was dismissed after the statute of limitations expired, any future habeas action filed by Petitioner would be automatically time-barred. The opinion and order adopting the report and recommendation did not make any reference to *Palmer* or address whether a stay of the proceedings was appropriate. In light of the court's silence in the earlier action, this Court can only assume that in reaching its decision in 2002, the court did not contemplate the impact of the dismissal on Petitioner's ability to file future petitions under *Palmer*. This Court must therefore determine whether equitable tolling principles apply.

Petitioner clearly is not entitled to the mandatory period of equitable tolling. One hundred and thirty-six days passed between the dismissal of Petitioner's first habeas action and the filing of his motion for relief from judgment in the state court, which far exceeded the sixty days permitted under *Palmer*. Therefore, the Court must consider whether traditional equitable tolling principles should be applied in this case. *Griffin II*, 399 F.3d at 635. The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap v. U.S.*, 250 F.3d 1001, 1008-09 6th Cir. 2001). In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Respondent argues that Petitioner was not diligent in pursuing his rights because 136 days passed between the dismissal of his previous habeas action on January 14, 2002 and the filing of his motion for relief from judgment on May 30, 2002, and no less than 79 days passed from the

decision of the Michigan Supreme Court on December 29, 2004, and the filing of the instant petition. With regard to the period before he filed his motion for relief from judgment, Petitioner claims that he is entitled to equitable tolling of the statute of limitations because he has Hepatitis C and was suffering serious complications from the disease. Mental or physical illness tolls a statute of limitations if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Price v. Lewis*, No. 03-6467, 2005 WL 23371, at *1 (6th Cir. Jan. 5, 2005) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) and *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-70 (S.D.N.Y.2000)), *cert. denied*, 126 S. Ct. 221 (2005)). Petitioner provides documentation showing that he was hospitalized from January 15-28, 2002. He continued to require medical treatment, including a liver biopsy and liver transplant evaluation on February 12, 2002. On February 19, 2002, Petitioner received X-ray results showing that he had fractured ribs caused by swelling in his abdomen. In light of Petitioner's hospitalization at the time his previous habeas action was dismissed and his ongoing health problems, the Court finds that he was diligent in filing his motion for relief from judgment in the state court.

Turning to the time period after the proceedings on Petitioner's motion for relief from judgment concluded, Respondent contends that no less than 79 days passed from the decision of the Michigan Supreme Court on December 29, 2004, and the filing of the instant petition. Respondent, however, failed to give Petitioner the benefit of the ninety-day period that he could have filed a petition for writ of certiorari in the United States Supreme Court. Under the statutory tolling provision, a motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It also is considered pending during the

- 8 -

period in which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition actually was filed. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*), *cert. denied*, 541 U.S. 1070 (2004).  As discussed above, the statutory tolling provision does not apply because Petitioner filed his motion for relief after the statute of limitations ran.  Nevertheless, the Court will consider his motion "pending" during the ninety-day period for purposes of determining whether Petitioner is entitled to equitable tolling.  The ninety-day period expired on March 29, 2005.

Under Sixth Circuit precedent, the instant petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Respondent argues that while Petitioner dated his petition on January 20, 2005, it discusses events as late as March 8, 2005, and, thus, could not have been handed to prison officials for mailing any earlier than March 8.  Arguably, the petition should be deemed filed on the date that Petitioner filed the motion to amend in his previous habeas action. Petitioner dated his motion on February 21, 2005, and it was received by the Court on March 3, 2005.  Thus, it must have been handed to prison officials for mailing at some time between February 21 and March 3, 2005.  The Court need not determine the earliest possible filing date as the instant petition was received by the Court on March 23, 2005, while Petitioner's motion for relief from judgment was still pending.  Consequently, no time elapsed from the conclusion of the proceedings on Petitioner's motion for relief from judgment and the filing of the instant habeas corpus petition.

- 9 -

Accordingly, the Court finds that Petitioner is entitled to equitable tolling for the 136-day period between the dismissal of his first habeas corpus action and the filing of his motion for relief from judgment. With the benefit of equitable tolling, the petition is timely.

## **Conclusion**

In light of the foregoing, the Court will deny Respondent's motion to for summary judgment (docket #23) and will order Respondent to file an answer addressing the merits of Petitioner's grounds for relief.

An Order consistent with this Opinion will be entered.

Date:     November 17, 2005             /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT  JUDGE